UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CARLTON HOOKER, JR.,

    Plaintiff,

v.                                                   Case No. 8:18-cv-696-T-33TGW

SECRETARY, DEPARTMENT OF
VETERANS AFFAIRS and
SUZANNE KLINKER,

    Defendants.
_____/

**ORDER**

This matter is before the Court sua sponte. Pro se Plaintiff Carlton Hooker, Jr. filed this action against David J. Shulkin, Secretary of the Department of Veterans Affairs, on March 22, 2018. (Doc. # 1). On April 30, 3018, Hooker filed an amended complaint against Robert Wilkie, Acting Secretary of the Department of Veterans Affairs, and Suzanne Klinker, Bay Pines VA Healthcare System Director. (Doc. # 7). Hooker's second amended complaint was filed on May 18, 2018, against both Wilkie and Klinker. (Doc. # 10). At this juncture, the Court takes the opportunity to explain to Hooker the requirements for effecting service on the United States and its agencies, employees, and officers.

1

Service of process on the United States and its Agencies is governed by Rule 4(i), Fed. R. Civ. P., which states:

(1) *United States*. To serve the United States, a party must:

    (A) (i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought — or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk — or

    (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;

    (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and

    (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

(2) *Agency; Corporation; Officer or Employee Sued in an Official Capacity*. To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee.

Fed. R. Civ. P. 4(i).

Hooker must comply with the foregoing and is also required to file documentation reflecting that service has been accomplished. See Fed. R. Civ. P. 4(l)("Unless service is waived, proof of service must be made to the court. Except for service by a United States marshal or deputy marshal, proof must be made by the server's affidavit.").

The deadline for Hooker to accomplish service is 90 days from the date he filed the initial Complaint. See Fed. R. Civ. P. 4(m). Therefore, the 90-day period for service will expire on June 20, 2018. The Court notes that if service is not effected within the deadline, "the court – on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The deadline to effect service of process in accordance with Rule 4(i), Fed. R. Civ. P., is **June 20, 2018.**

(2) Hooker is instructed to comply with Rule 4, Fed. R. Civ. P., and to file a proof of service document once service has been accomplished.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 22nd day of May, 2018.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE